Supreme Court—Edison Fixture Co. v. Martone.

EDISON FIXTURE COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. TONY MARTONE, DEFENDANT-RESPONDENT.

Submitted May term, 1925—Decided October 6, 1925.

Contracts—Alleged Subscribing Witness Proven Out of State—Defendant Called, Testified to Signing Contract Which Was Then Offered in Evidence, and Defendant's Objection Thereto Sustained—Subscribing Witness Being Out of State, Other Proof Competent—Nonsuit Reversed.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Herman B. J. Weckstein.*

For the respondent, *Thomas J. Kennedy.* ·

PER CURIAM.

This suit was brought to recover the balance due for two electric lamps furnished the defendant by the plaintiff of $25.40. The trial resulted in a nonsuit of the plaintiff, and this is the error complained of. The testimony shows that the lamps were furnished under a writen contract dated April 23d, 1923, at the bottom of which was written "salesman D. Dobrin." The plaintiff proved that Mr. Dobrin was in Los Angeles, California, by a witness Max Ferman. The defendant was then called. "Q. Did you sign this paper? A. Yes, sir. Mr. Greenbaum, I offer it in evidence. Mr. Kennedy—I object to that. The court's objection sustained." This was reversible error. If D. Dobrin was a subscribing witness, which we do not think he was, it was shown he was out of the state, then other proof of the paper's execution is competent. *New Jersey Zinc, &c., Co.* v. *Lehigh Zinc, &c., Co.,* 59 *N. J. L.* 189: *Worman* v. *Seybert,* 78 *Id.* 176. Then a nonsuit was entered. As stated, this was reversible error.

The judgment of the District Court is reversed and a *venire de novo* awarded.